296 S.E.2d 45

**Norval D. GOE, Executor, etc.**

v.

**Chauncey H. BROWNING, Jr., etc.**

**No. 15648.**

Supreme Court of Appeals of West Virginia.

Sept. 23, 1982.

Bowles, McDavid, Graff & Love and J. Thomas Lane, Charleston, for petitioner.

Chauncey H. Browning, Atty. Gen., Victor A. Barone, Deputy Atty. Gen., and S. Clark Woodroe, Asst. Atty. Gen., for respondent.

NEELY, Justice:

In this mandamus action the petitioner, Norval D. Goe, executor of the estate of William Robert Goe, seeks to compel the respondent, the Attorney General of the State of West Virginia, to represent William Goe's estate in a civil rights action brought under 42 U.S.C. § 1983. For the reasons set forth below, we believe the Attorney General has a clear legal duty to represent the estate and, therefore, we award the writ.

On 30 July 1980, Byron D. Dennison filed a civil rights suit under 42 U.S.C. § 1983 in the United States District Court for the Southern District of West Virginia against William Goe, individually and as Community and Civic Affairs Coordinator of the West Virginia Department of Highways, District Seven, located in Lewis County. In addition to Mr. Goe, there were several other defendants named in the action, including the Governor and the Commissioner of the Department of Highways. Mr. Dennison's principal allegation in the suit was that he was wrongfully discharged from his employment with the Department and that the discharge violated his constitutional rights.

On 7 June 1982, while the civil rights action was pending, William Goe died leaving a will that named the petitioner here, Norval Goe, as executor of the estate. At this time, trial had been scheduled in the federal district court to begin on 23 August 1982. After appointment of the executor and before the scheduled trial date, the Attorney General informed the petitioner that he would not represent the estate

which the plaintiff, Byron Dennison, was seeking to substitute as a defendant in the civil rights action. The Attorney General likewise informed the federal court that he would not represent the estate. On 22 July 1982 a hearing on a motion to substitute the estate as a defendant was held in the district court, and the motion was granted. The petitioner then came to this Court seeking a writ of mandamus to compel the Attorney General to represent the estate just as he represents the Governor, the Commissioner of the Department of Highways and a third defendant.

The limited question before us is whether the Attorney General has a clear legal duty to provide legal counsel for the estate of a deceased state official when the official has been sued as a result of an act which arose directly out of the discharge of his official duties.

The respondent Attorney General argues that: the attorney-client relationship terminates upon the death of the client; the factual and legal issues related to the decedent's defense are not complicated and that his newly obtained counsel has had adequate time to prepare a defense now that the trial date has been adjourned to 29 September 1982; the Attorney General as a practice does not represent estates of deceased state officials in civil rights cases; and, there is no legal duty upon the Attorney General to represent estates nor to represent state officials who are defendants in civil rights cases when they are sued in their personal capacities.

In the recent case of *Powers v. Goodwin,* 170 W.Va. 151, 291 S.E.2d 466, 471 (1982), we observed that "as a matter of practice the State and its political subdivisions provide counsel for most of the routine types of civil litigation, such as federal court actions based upon 42 U.S.C. § 1983, that are likely to be brought against state and county officials personally for activities arising from the discharge of their official duties." *W. Va. Code,* 5-3-2 [1972] provides for such legal representation. That section states in pertinent part that:

The attorney general shall appear as counsel for the State in all causes pending in the supreme court of appeals, or in any federal court, in which the State is interested; ... he shall defend all actions and proceedings against any state officer in his official capacity in any of the courts of this State or any of the federal courts when the State is not interested in such cause against such officer, but should the State be interested against such officer, he shall appear for the State; ...

We cited *Powers* with approval in *Martin v. Mullins,* 170 W.Va. 358, 294 S.E.2d 161 (1982). Both cases involved the issue of when a public official is entitled to indemnification for attorneys' fees. The law relevant to the case before us is found in syllabus points 2 and 3 of *Powers, supra:*

2. Where a county official incurs a loss in the discharge of his official duty in a matter in which the county has an interest, and in the discharge of a duty imposed or authorized by law and in good faith, the county has the power to appropriate funds to reimburse him, unless expressly forbidden.

3. The rules governing whether a public official is entitled to indemnification for attorneys' fees are the same in both the civil and criminal context. In order to justify indemnification from public funds the underlying action must arise from the discharge of an official duty in which the government has an interest; the officer must have acted in good faith; and the agency seeking to indemnify the officer must have either the express or implied power to do so.

The Attorney General makes no representations in this case that William Goe acted outside the scope of his employment, nor that his actions were not taken in good faith. Neither does he allege that Mr. Goe did not act in his official capacity or without express or implied power. If William Goe were alive today, he would thus be entitled to the benefits of legal representation by the Attorney General. He is not alive but, unfortunately, actions which he took as a state official are now coming back to haunt his heirs. "The evil that

men do lives on; the good is oft interred with their bones..."

It would appear to this Court that on the facts presented to us it would be highly inequitable to allow the State's attorney, who represented William Goe during his lifetime, to cease such representation upon his death. Policy reasons dictate such a result. The task of defending the civil rights action would consume money available to Mr. Goe's heirs. What have the heirs, or in another case, possibly a wife or children done to deserve such a result? Mr. Goe devoted years of his life to public service with the Department of Highways and indeed his estate would not be involved in a lawsuit at the present time if he had not been an employee of the State and acted in the course of his employment.

We do not reach the issue of whether the Attorney General would be required to appear for the estate of a deceased public official who allegedly acted outside the scope of his employment. We conclude only that he is required to continue providing legal counsel for the William Goe estate under his own interpretation of *W. Va. Code*, 5–3–2 [1972] which provides that he shall appear for state employees sued in their official capacity or as a result of actions taken in the discharge of their duties. Any other conclusion would result in unjust enrichment for the State. Obviously it was not the intent of the legislature that a public employee be held harmless for attorney fees if he lives but that his savings should be invaded for attorney fees if he is so unfortunate as to die.

Accordingly for the reasons set forth above the writ of mandamus prayed for is awarded.

Writ awarded.