LYONS, JUDGE:
This claim was submitted upon a written stipulation and briefs filed by the parties. The stipulation revealed the facts which follow.
On July 30, 1980, Byron Dennison filed a civil rights action in U.S. District Court against William Goe, individually and as Community and Civic Affairs Coordinator of the West Virginia Department of Highways, alleging that Dennison had been wrongfully discharged from his employment with the Department of Highways. On June 7, 1982, while the civil rights action was pending, William Robert Goe died. Norval D. Goe, his brother, is executor of the estate.
On July 20, 1982, Norval D. Goe, as executor, was notified by the Attorney General that the Attorney General would no longer represent the interest of William Robert Goe. Norval D. Goe, as executor, then retained the law firm of Bowles, McDavid, Graff & Love to represent the estate.
In August of 1982, the Estate of William Robert Goe petitioned the West Virginia Supreme Court of Appeals for a writ of mandamus to require the Attorney General to continue representing the estate. The West Virginia Supreme Court awarded the writ of mandamus, ruling that the Attorney General had a clear legal duty to continue to represent the estate, since Mr. Goe had been sued as a result of an act which was directly out of the discharge of his official duties, pursuant to W.Va. Code §5-3-2.
After the awarding of the writ, the Attorney General again assumed representation of Mr. Goe’s interest. The trial lasted four weeks and resulted in a hung jury. Byron Dennison again brought the case but later took a dismissal with prejudice.
As a result of the Attorney General’s decision not to represent Mr. Goe’s estate, legal expenses of $7,569.42 were incurred by the estate, as shown by a stipulation agreed to by the parties.
The West Virginia Supreme Court of Appeals ruled in the case of Goe v. Browning, 296 S.E.2d 45 (1982), that where the Attorney General undertakes to represent a State employee in a civil suit arising *219 from the discharge of the employee’s official duties, and after representation has been undertaken the State employee dies and his estate is substituted as a party defendant, the Attorney General has a clear legal duty to represent the estate of the State employee. Accordingly, the Court makes an award of $7,569.42 to the claimant.
Award of $7,569.42.